IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL Z. MALDONADO and
BRANDON C. ARMSTRONG

                      Petitioners,                               ORDER

     v.                               08-cv-308-bbc

BRADLEY HOMPE, Warden,
STANLEY CORRECTIONAL
INSTITUTION and WISCONSIN
DEPARTMENT OF CORRECTIONS,

                      Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     This is a joint action brought by petitioners Daniel Maldonado and Brandon Armstrong, inmates at the Stanley Correctional Institution, alleging violations of their constitutional rights. Because neither petitioner has paid the $350 fee for filing a new action, I construe the complaint to include a request for leave to proceed in forma pauperis on behalf of both petitioners. (Although petitioners have joined their claims in one complaint, each is bringing an action subject to the 1996 Prison Litigation Reform Act and each must pay the full $350 fee for filing the action. Boriboune v. Berge, 381 F.3d 852, 856 (7th Cir. 2004)). A decision on the requests will be delayed until each petitioner pays an

1

initial partial payment of the $350 filing fee as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act, and until each petitioner confirms that he wishes to prosecute his action in a joint complaint, despite the consequences of doing so as I will explain in this order.

Petitioners' complaint was submitted on May 22, 2008. Their trust fund account statements should cover the six-month period beginning approximately November 22, 2007 and ending approximately May 22, 2008. Once petitioners have each submitted the necessary statement, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under § 1915(e)(2).

Petitioners should be aware that when two or more prisoners join their claims in one lawsuit, I am required to record a strike under 28 U.S.C. § 1915(g) against each petitioner named in the caption of the action if I conclude that any one claim in the action is frivolous, malicious or fails to state a claim upon which relief may be granted. According to the court of appeals, when a prisoner in a group complaint signs the pleading, he attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally. Therefore, he assumes the risk of incurring a strike if any one claim relating to any other petitioner warrants a strike under § 1915(g).

In addition, each petitioner will be held legally responsible for knowing precisely what

2

is being filed in the case on his behalf. He will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if such sanctions are found warranted in any aspect of the case.

Finally, in screening the complaint, the court will consider whether the action of one petitioner should be severed from the action of the other petitioner and, if it decides severance is appropriate, the petitioners will be required to prosecute their claims separately.

Because petitioners may not have been aware of the consequences of joining their claims in one lawsuit, I will give each an opportunity to withdraw from the suit. However, regardless whether petitioners agree to prosecute this case jointly or separately, each will be required to submit a trust fund account statement for the six-month period described above so that I can assess an initial partial payment of the $350 filing fee.

## ORDER

IT IS ORDERED that

1. Each petitioner may have until June 23, 2008, in which to advise the court whether he wishes to prosecute this action jointly.

2. If petitioners decide to proceed with the action, each may have until June 23, 2008, in which to submit a trust fund account statement covering the period beginning approximately November 22, 2007 and ending approximately May

3

22, 2008. If, by June 23, 2008, either petitioner fails to submit the required statement, that petitioner will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the $350 filing fee.

Entered this 2nd day of June, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge