IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL Z. MALDONADO and
BRANDON C. ARMSTRONG,

          Petitioners,                          ORDER

     v.                                    08-cv-308-bbc

BRADLEY HOMPE, Warden,
STANLEY CORRECTIONAL
INSTITUTION and WISCONSIN
DEPARTMENT OF CORRECTIONS,

          Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered in this case on June 2, 2008, I told petitioners that before I could consider their requests to proceed in forma pauperis they would have to submit trust fund account statements covering the six-month period immediately preceding the filing of the complaint so that I could assess an initial partial payment of the $350 fee for filing this case. Petitioner Armstrong has submitted the requested statement. He has submitted also a motion to waive the $350 filing fee or the requirement that he pay an initial partial payment of the filing fee. Petitioner Maldonado has submitted a statement in connection with another lawsuit filed in this court in Maldonado v. Wisconsin Department of Corrections,

1

08-cv-279-bbc, which I have duplicated for use in this case.

First, I will address petitioner Armstrong's motion to waive the $350 filing fee or the requirement that he pay an initial partial payment. Under the Prison Litigation Reform Act, an indigent inmate who files a lawsuit in federal court under the in forma pauperis statute must pay the $350 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments of 20% of the preceding month's income in accordance with 28 U.S.C. § 1915(b)(2). In his motion, petitioner Armstrong says that he "is a pauper without funds to even by [sic] proper supplise [sic] to sustain a proper lifestyle." Unfortunately, in 28 U.S.C. § 1915, Congress has dictated the manner in which prisoners must pay the fees for filing federal lawsuits and I have no discretion or authority to modify the statute's requirements.

Alternatively, petitioner Armstrong asks the court to waive the requirement that he pay an initial partial payment of the filing fee. Under § 1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee." Petitioner Armstrong may think he falls into the category of prisoners who have "no means" to make an initial partial payment, but controlling authority holds otherwise. His immediate shortage of income is not sufficient by itself to allow me to conclude that he lacks the means to pay the initial partial payment pursuant to 28 U.S.C. § 1915(b)(4). In Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997), the

2

court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee. A prisoner with periodic income has "means" even when he lacks "assets."

Further, in measuring periodic income, § 1915 requires courts to look backward in time rather than forward. In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it. Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

In this case, I was able to calculate petitioner Armstrong's initial partial payment based on information he provided in his trust fund account statement. This statement showed that for the six-month period immediately preceding the filing of the complaint, petitioner received regular monthly deposits to his account. True, the majority of his income is being withheld to pay various debts. However, that does not mean that petitioner will be unable to make the payment he will be ordered to pay in this case. Initial partial payments assessed under § 1915(b)(1) are to receive priority over petitioner's other debts. Walker v. O'Brien, 216 F.3d 626, 628 (7th Cir. 2000)(initial partial payments are to "come off the top" of all deposits to prisoner's account). Thus, the fact that petitioner owes money for other debts does not prevent him from utilizing new deposits to make an initial partial

3

payment in this case. Therefore, petitioner Armstrong's motion to waive the $350 filing fee or the requirement that he pay an initial partial payment of the filing fee will be denied.

From petitioners' trust fund account statements, I conclude that each petitioner must pay initial partial payments of the $350 filing fee in the following amounts: Daniel Maldonado must pay $12.64 and Brandon Armstrong must pay $1.78. If either petitioner does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. The only amount each petitioner must pay at this time is his initial partial payment. Before prison officials take any portion of that amount from petitioners' release accounts, they may first take from their regular account whatever amount up to the full amount each petitioner owes.

## ORDER

IT IS ORDERED that

1. Petitioner Armstrong's motion to waive the $350 filing fee or the requirement that he pay an initial partial payment of the filing fee (dkt. #6) is DENIED.

2. Petitioner Daniel Maldonado may have until July 17, 2008, in which to submit a check or money order made payable to the clerk of court in the amount of $12.64 as an initial partial payment of the $350 fee for filing his

4

      complaint.

3.     Petitioner Brandon Armstrong may have until July 17, 2008, in which to submit a check or money order made payable to the clerk of court in the amount of $1.78 as an initial partial payment of the $350 fee for filing his complaint.

4.     If either petitioner fails to respond to this order by July 17, 2008 or show cause for his failure to do so the petitioner will be dismissed from this lawsuit for his failure to prosecute it.

Entered this 27th day of June, 2008.

                                BY THE COURT:

                                */s/ Barbara B. Crabb*

                                _____
                                BARBARA B. CRABB
                                District Judge